*Foster,* A. G., for the Commonwealth.

### COMMONWEALTH *vs.* CORNELIUS O'CONNOR.

A complaint under Gen. Sts. *c.* 164, § 10, for being armed with a dangerous weapon when arrested by an officer, must show that the arrest was lawful.

COMPLAINT made by Joshua Foster under Gen. Sts. *c.* 164, § 10, setting forth that the defendant, at Boston, at a specified time, " with force and arms, was committing a criminal offence

against the laws of said commonwealth, to wit, the crime of drunkenness, and that, at the time of the commission of said offence, the said O'Connor was arrested by said Foster, a police officer of said city, and that, at the time of said arrest, the said O'Connor was armed with a dangerous weapon, to wit, a loaded pistol, against the peace," &c. After a verdict of guilty, the defendant moved in the superior court in arrest of judgment. This motion was overruled by *Brigham*, J., and the defendant alleged exceptions.

*H. Wellington*, for the defendant.

*Foster*, A. G., for the Commonwealth.

BIGELOW, C. J. This complaint is clearly defective and insufficient to warrant the rendition of a judgment against the defendant. It is founded on the provision contained in Gen. Sts. c. 164, § 10, by which a penalty is prescribed in case a person has in his possession a dangerous weapon when arrested by an officer in the act of committing a criminal offence. This enactment was intended to apply only to legal arrests made by virtue of a warrant, or in pursuance of some valid legal authority. Its manifest purpose was to prohibit and restrain the carrying of weapons by offenders, and thus to give security to officers when acting in the lawful discharge of their duty. But it was not designed to apply to cases where parties were unlawfully arrested, or to protect officers from injury or harm when they were mere trespassers, or doing acts which were unauthorized by law. In order, therefore, to allege with certainty and precision the offence which the statute created and was designed to punish, the complaint should set out in substance or legal effect that the defendant was lawfully arrested by the officer when he was found to be armed with a dangerous weapon. No such averment is contained in the complaint now before us. It does not allege that the arrest was made by virtue of any warrant or other lawful process, nor does it set out those facts which are necessary to authorize an officer to arrest an intoxicated person without a warrant. The crime of drunkenness is a purely statute offence, and no authority exists to arrest a person who may be guilty of it, without a warrant, except that which is expressly

conferred by statute. No such authority is given to arrest for the mere crime of drunkenness. It exists only in the cases enumerated in Gen. Sts. *c.* 86, § 40, where a person is intoxicated in a public place, or while intoxicated commits a breach of the peace or disturbs others by noise. There is, therefore, nothing in the complaint which shows that the defendant was unlawfully armed with a dangerous weapon at the time of a lawful arrest by the officer. For aught that appears, the arrest was unlawful and the officer a trespasser. If the provision in Gen. Sts. *c.* 164, § 10, is applicable at all to a person who may be lawfully arrested for the crime of drunkenness, of which we have great doubt, it is clear that the present complaint cannot be supported, because it does not set forth with apt and proper averments the offence which the statute was designed to punish.

*Judgment arrested.*